# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

Lyle W. Cayce
Clerk

No. 11-41249
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS ARRIAGA-RANGEL,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-668-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Arriaga-Rangel was convicted of illegal reentry into the United States and was sentenced to forty-six months in prison and a three-year term of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release. He contends that the sentence, which was within the pertinent guideline range, is substantively unreasonable because it is greater than needed to achieve the goals of 18 U.S.C. § 3553. Arriaga-Rangel argues that the guidelines give too much weight to his conviction of manslaughter and that the district court improperly assessed the effect that his cultural assimilation has on his likelihood to reoffend, particularly with respect to its decision to impose supervised release.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the factors set forth in § 3553(a), and we consider whether the sentence is an abuse of discretion. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Under that standard, Arriaga-Rangel has not rebutted the presumption of reasonableness that attaches to his within-guideline term. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Rather, he has shown no more than a disagreement with the propriety of the sentence, which does not suffice to establish error in connection with it. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Insofar as Arriaga-Rangel challenges the propriety of the district court's exercise of its discretion to impose supervised release, that challenge is likewise unavailing. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 329-30 (5th Cir. 2012). Our examination of "the district court's particularized remark at sentencing" shows no error in connection with the disputed decision. *See id.*

AFFIRMED.